UNITED STATES v. JOHN A. STEER & CO.

No. 4567.—Invoice dated Helsingfors, Finland, February 25, 1937.
        Certified February 26, 1937.
        Entered at Philadelphia, Pa., March 31, 1937.
        Entry No. 9436.

(Decided May 3, 1939)

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the plaintiff.

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the defendants.

BROWN, Judge: This is a Government appeal by the collector of customs at Philadelphia from a finding by the local appraiser at that port sustaining the entered values of certain Kraft paper imported from Finland.

The case was tried at a regular Philadelphia docket of this court.

There was a motion to dismiss by the importers' counsel on the technical ground that one package in ten had not been properly designated or examined. The evidence presents a confusing situation on this point and therefore makes the determination of the motion a matter of some difficulty. On the whole it is considered that the circumstances probably point to a legal examination and the motion to dismiss is denied.

On the merits the evidence, consisting of the Government's special agent's reports and the affidavit of the managing editor of the Finnish Paper Bureau taken together (they are not in conflict), clearly show that a new price list at the higher figures which the Government claims, was issued February 18, 1937, to take effect about March 10 and that the first delivery under an order under the new price list was not made until March 8. The consular invoice shows the merchandise in question was exported February 25, 1937.

The statement about the first delivery at the new prices on March 8 is made in the affidavit filed by the importers. As all the other statements in the affidavit correspond to similar statements made by the special agents in their reports and therefore are presumptively true, it seems reasonable to assume that the statement that the

first delivery at the higher prices of the merchandise ordered on February 19 did not take place till March 8 is also true.

The special agents' reports, while agreeing as to practically all the sales with the affidavit, omit mention of the time of deliveries and reason that because there were orders at the new prices on February 19, therefore the new prices apply to these goods shipped on February 25.

However, taking the affidavit's statement to the effect that there was no delivery at the new prices until March 8, we are bound to hold that the new prices did not take effect for customs purposes until that date.

Judgment will therefore issue sustaining the finding of the local appraiser which approved the entered values.